IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Z'CORE HESTER-HENDERSON,<br><br>Defendant. | Case No. 3:23-CR-30129-NJR |

## ORDER

**ROSENSTENGEL, Chief Judge:**

Defendant Z'Core Hester-Henderson seeks a ruling prohibiting hearsay testimony at his final revocation hearing under Federal Rule of Criminal Procedure 32.1(b)(2)(C). (Doc. 33). The Government responded to the motion arguing that it is moot. (Doc. 36).

In his motion, Defendant explains that he anticipates that, during the revocation hearing, the Government will attempt to elicit hearsay statements made by eyewitnesses concerning a welfare check on July 26, 2024. (Doc. 33). Defendant argues that the Court should balance his constitutional interest in confrontation and cross-examination of these eyewitnesses against the Government's stated reasons for offering hearsay evidence without producing the witnesses for cross-examination. (*Id.*). Defendant asks the Court for a ruling that his interest in confrontation outweighs the Government's reasons. (*Id.*). He also seeks an order prohibiting the Government from eliciting such hearsay testimony from its witnesses. (*Id.*).

In response, the Government asserts that it does not intend to elicit any hearsay

statements as to two witnesses, N.R. and Brianna Roberson. (Doc. 36). As to another witness, Lena Dent, the Government intends to play statements she made at the scene but believes that she will be available to be questioned on these statements as the Government has subpoenaed her. (*Id.*). Even if she is not available, the Government argues that these statements are not hearsay and fall under the "excited utterance" exception. (*Id.*). The Government also plans to play the 911 call made by Dejai Thomas, which it contends is not hearsay and does not violate Defendant's right to confrontation. (*Id.*). The Government asks the Court to deny Defendant's motion as moot because it does not intend to elicit any hearsay statements from anyone not expected to testify subject to cross-examination. (*Id.*).

Without knowing the specific evidence and testimony the Government will present at the revocation hearing, the Court cannot make a preliminary ruling weighing Defendant's constitutional interest in confrontation and cross-examination against the Government's reasons for offering such evidence. *See United States v. Jordan*, 742 F.3d 276, 280 (7th Cir. 2014) ("Rule 32.1(b)(2)(C) requires a district court in a revocation hearing explicitly to balance the defendant's constitutional interest in confrontation and cross-examination against the government's stated reasons for denying them."). The Court will wait to balance any hearsay testimony offered against Defendant's right to confrontation until the evidence is presented during the hearing. If necessary, Defendant may raise such objections then, and the Court will be in a better position to evaluate the merits of the objection and perform the required balancing test. Because the Government certifies that it does not plan to introduce any hearsay testimony by witnesses unavailable

for cross examination, Defendant's Motion to Prohibit Hearsay Testimony (Doc. 33) is **DENIED as moot** at this time. Defendant can certainly raise specific objections at the hearing.

    **IT IS SO ORDERED.**

    DATED:   August 5, 2025

                                                              **NANCY J. ROSENSTENGEL**
                                                               **Chief U.S. District Judge**